IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINE M. DOWD, DAMON M. MORRIS, and ROY I. MORRIS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. No. 10-82-SLR |
| NEW CASTLE COUNTY, DELAWARE, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington this day of September 2010, having reviewed plaintiff's motion for preliminary injunction (D.I. 4) and the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's motion is denied, as follows:

1. **Background.** On September 21, 2010, the court denied defendant's motion to dismiss plaintiffs' procedural due process claim; the court presumes familiarity with that opinion and incorporates the relevant background herein by reference. (D.I. 24) Also pending before the court is plaintiffs' motion for a preliminary injunction and motion for class certification. (D.I. 4, 12) These motions are, to some degree, intertwined. With respect to irreparable harm, it is plaintiffs' position that continued enforcement of the PM Code through the ITS will subject them and others in New Castle County to the deprivation of their due process rights. (D.I. 9 at 14-15) Put another way, the preliminary injunction motion is cast broadly with class certification in mind.

2. **Harm to plaintiffs.** Having determined that plaintiffs presented a facially viable procedural due process claim, the court focuses on the second preliminary

injunction factor, or the presence of irreparable harm.[1] In this regard, there is no indication of record that plaintiffs have received additional instant tickets since the inception of this litigation. During a September 28, 2010 teleconference by the parties, defendant represented (and plaintiffs did not contest) that defendant has returned plaintiffs' $100 in assessed civil penalties due plaintiffs following their successful appeal to the BLIR. (D.I. 24 at 11-12) The record has not been supplemented to reflect any new, adverse developments vis a vis plaintiffs. The court finds at this juncture[2] that plaintiffs have not met their burden to demonstrate irreparable harm and, therefore, a preliminary injunction is not warranted at this stage of the litigation.

3. **Discovery**. The court is mindful, however, of plaintiffs' argument that defendant's statutory scheme (the 2008 PM Code) works a detriment to all citizens receiving instant tickets under the ITS who seek to stay enforcement and utilize the appeals system. As noted in the court's prior opinion, nowhere in their complaint do plaintiffs allege that the 2008 PM Code was arbitrarily or unfairly applied to them. The issue before the court, therefore, is a review of the constitutionality of the statutory scheme. The court previously noted that, in plaintiffs' case, defendant denied plaintiffs'

---

[1]Traditional rules of equity apply to requests for injunctive relief. See *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The moving party for injunctive relief must establish: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.* (citation omitted). The burden lies with the movant to establish every element in its favor or the grant of a preliminary injunction is inappropriate. See *P.C. Yonkers, Inc. v. Celebrations, the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005).

[2]Over seven months have elapsed since the filing of plaintiffs' motion.

request for a stay of enforcement notwithstanding the fact that the statute requires defendant to meet a high burden in justifying such denials. Because it is not clear that the statute is being applied as-written, i.e., that a property owner's property rights are necessarily protected during the appellate process, the scope of appropriate discovery must not be strictly limited to plaintiffs' case.

4. This case involves a review of the constitutionality of the 2008 PM Code's stay and appeal provisions and, consequently, plaintiffs will not be granted discovery relating to all tickets generated by defendant under the ITS.[3] Plaintiffs' requests for discovery shall focus on requests for stays and the use of the appellate process. Information regarding the tickets at issue in these instances may be relevant to the court's understanding of defendant's effectuation of the code.

5. As noted in the court's prior opinion, a factual record must also be developed with respect to the costs and benefits associated with holding a pre-deprivation hearing and/or any other potential remedial mechanisms, for the purpose of assessing whether a pre-deprivation hearing is warranted.

IT IS FURTHER ORDERED that discovery shall proceed in this action pursuant to the aforementioned guidelines, as follows:

6. **Close of discovery**.

(a) All discovery shall be commenced in time to be completed by **December 17, 2010**.

(b) Maximum of 25 interrogatories by each party to any other party.

---

[3]Plaintiffs may, however, request summary-line information in this regard, including income generated by the ITS.

(c) Maximum of 25 requests for admission by each party to any other party.

(d) Maximum of 5 depositions by plaintiff and 5 by defendant.

(e) Each deposition limited to a maximum of 7 hours unless extended by agreement of parties.

7. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before **January 7, 2011**. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

IT IS FURTHER ORDERED that a discovery conference shall be held on **Monday, November 1, 2010** at **5:00 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.

_____
United States District Judge